IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

STEVEN R. BROWN,

        Plaintiff,

v.                                                                                 Case 2:13-cv-02107-JTF-cgc

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, SUNTRUST MORTGAGE,
INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
JOHN DOES 1-10, inclusive,

        Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANTS MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, MOTIONS FOR SUMMARY JUDGMENT**

---

Before the Court are Defendants Federal National Mortgage Association ("Fannie Mae"), Suntrust Mortgage, Inc. ("Suntrust"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motions to Dismiss or, In the Alternative, Motions for Summary Judgment. (Docket Entry "D.E." #12, #13).[1] The instant motions were referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #7). For the reasons set forth herein, Defendants' Motions to Dismiss be GRANTED.

**I. Background**

On or about February 25, 2008, Plaintiff alleges that he executed a Note with Suntrust in

---

[1] Defendants' two motions are identical, but Defendants' later-filed motion (D.E. #13) includes their Memorandum of Law, Statement of Undisputed Material Facts, and an Affidavit of Gale Valentine.

1

accordance with the purchase of real property located at 2527 Birch Tree Drive, Germantown, Tennessee, 38138. (Compl. ¶¶ 1, 9). On the same date, Plaintiff alleges that he executed a Deed of Trust, which listed Suntrust as the lender and the trustee as Larry A. Weissman. (Compl. ¶ 10). Plaintiff alleges that his loan was sold soon after its origination, bundled into a group of notes, and subsequently sold to investors as a mortgage backed security issued by Fannie Mae Mortgage Backed Security Trust. (Compl. ¶ 11). Plaintiff alleges that Suntrust, who he alleges is the current servicer of his loan, is now attempting to foreclose on his property. (Compl. ¶¶ 14, 16). In response to the attempts to foreclose, Plaintiff filed his Complaint in this Court on February 19, 2013.

## II. Proposed Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

2

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Conclusions of Law

#### A. *Standing to Foreclose*

First, Plaintiff's Complaint alleges that Suntrust, Fannie Mae, and MERS are not holders in due course of the note under the Uniform Commercial Code and that Suntrust does not have standing to foreclose. (Compl. ¶¶ 21-33, 132-139). Tennessee Code Annotated Section 47-3-301 sets forth who may enforce an instrument:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3-309 or § 47-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Tenn. Code Ann. § 47-3-301.

With the exception of two brief, conclusory statements that Fannie Mae, Suntrust, and MERS "do not fall within any of the classifications of holders in due course of the note" and that Suntrust "is not the holder of the NOTE and does not have standing to foreclose," Plaintiff has not provided any factual support as to why these parties are not entitled under Tennessee law to enforce the instrument. Absent such factual support, Plaintiff has filed to sufficiently to state a plausible claim for relief. Accordingly, it is recommended that Plaintiff has failed to state a claim of lack of standing to foreclose against Suntrust, Fannie Mae, or MERS, and it is recommended that Defendants' Motion to Dismiss this claim be GRANTED.

### B. *Invalid Assignments of the Deed of Trust*

Next, Plaintiff alleges that invalid assignments of the Deed of Trust or failure to record such assignments deprive Suntrust of its right to foreclose. Specifically, Plaintiff alleges as follows: (1) that the assignment of the Deed of Trust from MERS to Suntrust fails for lack of "consideration, offer and acceptance," that it is a "sham transaction," and that it is "fraudulent and is in violation of the recording statutes" (Compl. ¶¶ 34-46); (2) that there was no separate assignment of the Deed of

4

Trust upon the sale or transfer of the Note from Suntrust to Fannie Mae (Compl. ¶¶ 66-67); (3) that Defendants have abandoned their interest in the property by not recording any assignment of the Deed of Trust from Suntrust to Fannie Mae (Compl. ¶¶ 66-68); (4) that unrecorded assignments of the Deed of Trust are void and violate Tennessee law (Compl.¶¶ 77-87), and (5) that the individuals signing for MERS lacked authority (Compl. ¶ 45).

The Sixth Circuit has held that "'a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, No. 10-1782, 2010 WL 4275305, at \*102 (6th. Cir. Oct. 28, 2010). The exception to this rule is if a plaintiff asserts a "genuine claim" that he might be subject to "double liability on the debt." *Id.* But if a borrower's rights and duties remain the same but the only change is to whom those duties are owed, the borrower "cannot now step into the shoes of an assignor to assert its contract rights." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D.Mich. 2010) (citing cases).

In the instant case, Plaintiff's myriad of arguments regarding the validity of the assignments never allege that his duties have altered or that he may risk double liability. In fact, it is not clear from the Complaint what detrimental effect any of the assignments allegedly would have upon Plaintiff. Accordingly, Plaintiff has not established that he has standing to challenge any of the assignments over which he complains. Thus, it is recommended that Defendants' Motion to Dismiss these claims be GRANTED.[2]

---

[2] In addition to Plaintiff's lack of standing to challenge the assignments, Plaintiff has failed to cite any Tennessee law that requires the recording of the assignments in the manner he alleges should have been done. Thus, it is recommended that Plaintiff has likewise failed to state a claim upon which relief may be granted for any failure to record.

### C. Effect of Alleged Securitization of Loan

Next, Plaintiff generally states that his loan is not in default and that Defendants "have not suffered any financial loss." (Compl. ¶¶ 47-49). Plaintiff does not allege that he has made the required payments under the loan; instead, Plaintiff alleges that a "third party has been making the payments" and that, "[t]hrough belief," that the "Master Servicer" is required "to make all payments to the certificate holders when the mortgagor does not make them." (*Id.* ¶¶ 47-48). Plaintiff continues to allege that a "Pooling and Servicing Agreement" was executed in connection with an alleged securitization of the loan and that the alleged securitization did not comply with applicable law or the agreement. (*Id.* ¶¶ 49-65). Ultimately, it appears that Plaintiff argues that the alleged securitization of the loan necessitates the conclusion that Fannie Mae is not the holder with the right to enforce the Note.

Upon review, Plaintiff's incoherent allegations regarding the effect of the alleged securitization of the loan fail to state in any way how Fannie Mae does not have rights to enforce the Note. As Defendants correctly argue, regardless of how the securitization process was handled, Fannie Mae either holds the Note for itself or as the trustee for a securitized pool; Plaintiff has not alleged in any way how Fannie Mae has lost its rights to enforce the note and how Plaintiff has been relieved of his obligations to pay his mortgage. Accordingly, it is recommended that Plaintiff's alleged claims regarding the securitization of the loan fail to state a claim upon which relief may be granted, and it is recommended that Defendants' Motion to Dismiss as to these claims be GRANTED.

### D. Deed of Trust Severed from Note

Next, Plaintiff alleges that the Deed of Trust has been "permanently severed" from the Note,

6

that the Note and the Deed of Trust "were for many years owned by at least two separate entities," and that the Note cannot be "re-attached" to the Deed of Trust through "adhesion." (Compl. ¶¶ 69-72). Plaintiff alleges that this has rendered the Deed of Trust "a legal nullity" that is "unenforceable," "deficient and illegal." (*Id.* ¶ 72).

Under Tennessee law, the transfer of a note automatically carries with it the lien created by the deed of trust or other security instrument securing it. *See*, *e.g.*, *Gibson v. Mort. Elec. Registration Sys.,* Inc., No. 11-2173-STA, 2012 WL 1601313, *4 (W.D.Tenn. May 7, 2012) ("Under Tennessee law, the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument." (internal citations omitted)); *see also*, *Clark v. Jones*, 93 Tenn. 639, 641 (Tenn. 1894); *Thompson v. Pyland*, 40 Tenn. 537, 539 (Tenn. 1859). Plaintiff has failed to allege how any alleged transfers of his Note have defied this well-settled rule. Accordingly, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted as to the severance of the Deed of Trust from the Note, and its is recommended that Defendants' Motion to Dismiss these claims be GRANTED.

### *E. RESPA*

Finally, Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") (Compl. ¶¶ 110-122). Plaintiff's RESPA claim alleges that he sent a qualified written request ("QWR") to Suntrust on October 18, 2012 and that Suntrust never responded to the written request.

Section 2605 imposes duties to respond to a QWR from a borrower. 12 U.S.C. § 2605(e)(1)(A). The statute defines a QWR as follows:

> For purposes of this subsection, a qualified written request shall be a correspondence, other than notice on a payment coupon or other payment medium supplied by the

7

servicer, that—

(i) includes, or otherwise enables the services to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the services regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Courts that have addressed the adequacy of pleading RESPA claims have repeatedly held that a Plaintiff cannot maintain an action under RESPA by merely alleging that they sent a QWR. *See*, *e.g.*, *Boston v. Ocwen Loan Servicing, LLC*, No. 3:12CV451, 2013 WL 122151, at *13 (W.D.N.C. Jan. 9, 2013) (holding that conclusory allegations that defendant "failed to properly and timely respond" to two QWRs is "too threadbare" of an allegation to state a RESPA claim); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1196 (E.D. Cal. 2010) (holding that a conclusory allegation that the correspondence was a QWR is insufficient to state a claim under *Twombly*).

In the instant case, Plaintiff has not alleged basic facts that would plausibly demonstrate that he submitted a correspondence that qualified as a QWR and that Defendants failed to comply with the statute. Accordingly, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted under RESPA, and it is recommended that Defendants' Motion to Dismiss Plaintiff's RESPA claim be dismissed.

### *F. Other Claims*

Finally, Plaintiff's Complaint contains a purported cause of action for breach of contract (Compl. ¶¶ 123-131), as well as sections requesting declaratory relief (Compl. ¶ 88-95), injunctive relief (Compl. ¶ 96-99), and quiet title (Compl. ¶ 100-109). Although Defendants' Motion to Dismiss does not specifically address these sections, the allegations in these sections are virtually

identical to those claims that Defendants have fully briefed and that it has been recommended be dismissed. For the same reasons as set forth herein, it is further recommended that Plaintiff has failed to state any claim upon which relief may be granted and that these claims be dismissed.

## III. Conclusion

For the reasons set forth herein, it is recommended that Defendants' Motion to Dismiss be GRANTED.

**DATED** this 11th day of June, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**